Ben Williams
1100 W Littleton Blvd Ste 440
Littleton, CO 80127
SBN California 343472
f. (720) 327-5297
ben@wip.net
o. (720) 327-5343

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dantaye Snyder | Case No.: |
| Plaintiff, | |
| v. | COMPLAINT |
| HBI Innovations, LLP, dba HBI Innovations, an Arizona limited liability partnership; | |
| BBK Tobacco & Food Products, LLC, an Arizona limited liability company; | |
| BBK Tobacco & Foods, Inc., an Arizona for profit domestic corporation; | |
| Defendants. | |

001.    Plaintiff Dantaye Snyder, by and through its attorney, for its Complaint against Defendants HBI Innovations, LLP ("HBI"), BBK Tobacco & Food Products, LLC, ("BBK-LLC"), and BBK Tobacco & Food Products, Inc. ("BBK-INC"; each a "Defendant," and together, "Defendants"), alleges as follows:

**PRELIMINARY STATEMENT**

002.    This is an action for infringement of Plaintiff's United States Patent No. 10,463,072 under the Patent Act, 35 U.S.C. § 271, based on Defendants' unauthorized commercial manufacture, use, importation, offer for sale, and sale of Multi-Armed Pre-Rolled Smoking Tubes in the United States.

*///*

**JURISDICTION**

003.   This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

004.   Defendants are Arizona corporations. Pursuant to 28 U.S.C. § 1400, Arizona is the proper judicial district for this action.

**VENUE**

005.   Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).

**PARTIES**

006.   Dantaye Snyder is a resident of Raleigh, North Carolina, and the inventor of the Multi-Armed Pre-Rolled Smoking Tube and owner of U.S. Patent No. 10,463,072.

007.   HBI Innovations, LLP ("HBI"), is an Arizona limited liability partnership incorporated in Arizona, doing business as HBI Innovations, with a corporate domicile located at 11839 North 28th Drive, Phoenix, Arizona, 85029. On information and belief, HBI is the owner of the RAW™ trademark, pending registration as U.S. Trademark Serial No. 99405668, filed on September 22, 2025.

008.   BBK Tobacco & Food Products, LLC ("BBK-LLC"), is an Arizona limited liability company incorporated in Arizona, with a corporate domicile located at 3401 West Papago Street, Phoenix, Arizona, 85009. On information and belief, BBK is a General Partner of HBI.

009.   BBK Tobacco & Food Products, Inc. ("BBK-INC") is a domestic for-profit corporation domiciled at 11839 North 28th Drive, Phoenix, Arizona, 85029. On information and belief, BBK-INC owns and operates HBI.

**FACTS**

010.   United States Patent No. 10,463,072 (the "'072 Patent"), entitled

Multi-Armed Pre-Rolled Smoking Tube, was duly and legally issued on November 5, 2019, and names Dantaye Snyder as inventor and applicant. A true and correct copy of the '072 Patent is attached as **Exhibit A.**

011.   The '072 Patent discloses a Multi-Armed Pre-Rolled Smoking Tube that is prefabricated empty for subsequent use. The '072 Patent claims, among other things:

A multi-armed pre-rolled smoking tube comprising:

a primary tubular body having a proximal end, a distal end, an interior surface, an exterior surface and a channel;

a pair of perforated regions diametrically disposed upon the surface of the primary tubular body;

a secondary tubular body angularly disposed to the primary tubular body, said secondary tubular body comprising:

a first transverse end;

a second transverse end;

a second interior surface;

a second exterior surface;

a second channel;

an annulet sleeve portion medially disposed on the secondary tubular body, said annulet sleeve portion comprising a complementary pair of apertures configured to accept insertion of the primary tubular body therethrough to form a sealed engagement around the primary tubular body; and

a mouth piece disposed at the proximal end of the primary tubular body;

wherein the annulet sleeve portion engages around the primary tubular body as a seal to enclose the pair of perforated regions with the transverse ends of the secondary body, whereby combustion of vegetable matter additional to the multi-armed pre-rolled smoking tube commenced at each of the pair of transverse ends and the distal end enables inhalation through the mouthpiece.

012.   Plaintiff owns the entire right, title, and interest in the '072 Patent.

**DEFENDANTS' INFRINGING ACTIVITIES AND PRODUCTS**

013.  Defendants have infringed, and continue to infringe, the '072 Patent by using, selling, and offering for sale, multi-armed pre-rolled smoking tubes in the United States that embody or use the invention claimed in the '072 Patent. For example, Defendants' "Raw Classic Cone Cross" employs elements that perform the same or substantially the same function in the same or substantially the same way to achieve the same or substantially the same result as set forth and claimed in the '072 Patent. An example of Defendants' "Raw Classic Cone Cross" is included herewith as **Exhibit B**.

014.  Defendants' "Raw Classic Cone Cross" directly or equivalently infringes at least claim 1 of the '072 Patent. Defendants' "Raw Classic Cone Cross" includes the following structure, or structure that is substantially the same to perform substantially the same function in substantially the same way:

015.  a primary tubular body having a proximal end, a distal end, an interior surface, an exterior surface and a channel;

016.  a pair of perforated regions diametrically disposed upon the surface of the primary tubular body;

017.  a secondary tubular body angularly disposed to the primary tubular body, said secondary tubular body comprising a first transverse end, a second transverse end, a second interior surface, a second exterior surface, a second channel, and an annulet sleeve portion medially disposed on the secondary tubular body, said annulet sleeve portion comprising a complementary pair of apertures configured to accept insertion of the primary tubular body therethrough to form a sealed engagement around the primary tubular body;

018.  a mouthpiece disposed at the proximal end of the primary tubular body.

4

019. Additionally, the annulet sleeve portion engages around the primary tubular body as a seal to enclose the pair of perforated regions with the transverse ends of the secondary body whereby combustion of vegetable matter additional to each of the pair of transverse ends and the distal end enables inhalation through the mouthpiece. *See* Annotated FIGS., below.





020. Defendants' "Raw Classic Cone Cross" directly or equivalently infringes claim 2 of the '072 Patent because the primary tubular body and secondary tubular body are engaged by the annulet sleeve portion in the shape of a cross.

021. Defendants' "Raw Classic Cone Cross" directly or equivalently infringes claim 3 of the '072 Patent because the annulet sleeve portion is securable around the exterior surface of the primary tubular body by means the pair of complimentary apertures to enclose the pair of perforated regions with the first and second transverse ends thereby forming a sealed junction connecting the interior of the second tubular body with the interior of the primary tubular body.

022. Defendants ' "Raw Classic Cone Cross" directly or equivalently infringes claim 4 of the '072 Patent because the second channel of the secondary tubular body encloses the pair of diametrically disposed perforated regions of the primary tubular body.

023. Defendants ' "Raw Classic Cone Cross" directly or equivalently infringes claim 5 of the '072 Patent because the annulet sleeve portion contacts the exterior surface of the primary tubular body to produce an airtight seal around the circumference of the primary tubular body at said perforated regions.

024. Defendants ' "Raw Classic Cone Cross" directly or equivalently infringes claim 6 of the '072 Patent because the distal end of the primary tubular body is larger in circumference than the proximal end, whereby the annulet sleeve is wedged by the restricting circumference in order to secure around the primary body's exterior surface at the pair of perforated regions.

025. Defendants ' "Raw Classic Cone Cross" directly or equivalently infringes claim 7 of the '072 Patent because the pair of perforated regions are

disposed closer to the distal end than the proximal end of the primary tubular body.

026.    Defendants ' "Raw Classic Cone Cross" directly or equivalently infringes claim 8 of the '072 Patent because the primary tubular body is constructed of rectilinear paper material of increasing paper thickness towards the proximal end, whereby the lit distal end may be extinguished as it proceeds down the primary tubular body towards said proximal end.

027.    Defendants ' "Raw Classic Cone Cross" directly or equivalently infringes claim 9 of the '072 Patent because the primary tubular body and the secondary tubular body are constructed from rectilinear paper material curved and adhered along a length thereof, said paper material devised to be homogenous and burn evenly when lit.

028.    Defendants ' "Raw Classic Cone Cross" directly or equivalently infringes claim 10 of the '072 Patent because the mouthpiece comprises a tip filter tip of paper material disposed within the proximal end of the primary tubular body wherein the filter tip is constructed of rectilinear paper material folded on one end to form a pleat and rolled to compose a cylindrical shell with the pleat enclosed interiorly along a height therein, said filter tip thereby disposed to prevent withdrawal of material through the mouthpiece.

029.    Defendants ' "Raw Classic Cone Cross" directly or equivalently infringes claim 11 of the '072 Patent because claim 11 sets forth the same or substantially the same structure claimed in claims 1-10 of the '072 Patent and because the annulet sleeve portion engages around the primary tubular body as a seal to enclose the pair of perforated regions with the transverse ends of the secondary body whereby combustion of vegetable matter additional to the multi-armed pre-rolled smoking tube commenced at each of the pair of transverse ends and the distal

030.   Defendants have known of the existence of the '072 Patent, and their acts of infringement have been willful and in disregard of the '072 Patent, without reasonable basis for believing that they had a right to engage in the infringing conduct.

031.   On information and belief, at least one Defendant has indirectly infringed the '072 Patent, by inducing at least one other Defendant to infringe the '072 Patent. On information and belief, Defendants are three separate corporate entities which work together in the manufacture, importation, distribution, and sale of products that infringe the '072 Patent.

032.   On information and belief, at least Defendant HBI does not sell directly to consumers, but supplies wholesale clients with products that infringe the '072 Patent. At least Defendant HBI knew of the '072 Patent, directly infringed the '072 Patent, and actively encouraged third-parties to sell infringing products by its own statements and conduct including under its RAW™ brand.

## COUNT ONE
## (Patent Infringement)

033.   Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

034.   Upon information and belief, Defendants have been and are infringing the '072 Patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, multi-armed pre-rolled smoking tubes, including those sold under the name Raw Classic Cone Cross (**Exhibit B**), in violation of 35 U.S.C. § 271(a).

035.   Defendants' infringement has been and continues to be knowing, intentional, and willful.

036.   Defendants' acts of infringement of the '072 Patent have caused

and will continue to cause Plaintiff damages for which Plaintiff is entitled to compensation pursuant to 35 U.S.C. § 284.

037.   Defendants' acts of infringement of the '072 Patent have caused and will continue to cause Plaintiff immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Plaintiff has no adequate remedy at law.

038.   This case is exceptional and, therefore, Plaintiff is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

### COUNT TWO

### (Induced Infringement)

039.   Upon information and belief, at least one of Defendants has been and is inducing infringement of the '072 Patent by actively and knowingly inducing at least one other of Defendants to make, use, sell, offer for sale, or import multi-armed pre-rolled smoking tubes that embody or use the invention claimed in the '072 Patent, including those sold under the name Raw Classic Cone Cross (**Exhibit B**), in violation of 35 U.S.C. § 271(b).

040.   Upon information and belief, at least one of Defendants has been and is inducing infringement of the '072 Patent by actively and knowingly inducing at least one other third-party to make, use, sell, offer for sale, or import multi-armed pre-rolled smoking tubes that embody or use the invention claimed in the '072 Patent, including those sold under the name Raw Classic Cone Cross (**Exhibit B**), in violation of 35 U.S.C. § 271(b).

041.   All Defendants are and were aware of the '072 Patent.

042.   Upon information and belief, at least one of Defendants has directly infringed the '072 Patent by making, importing, selling, or offering for sale multi-armed pre-rolled smoking tubes that embody or use the invention claimed in the '072 Patent, including those sold under the name Raw Classic

9

Cone Cross.

043.   On information and belief, Defendants' infringement has been and continues to be knowing, intentional, and willful.

044.   On information and belief, at least one of Defendants has actively encouraged by its statements and conduct at least one other of Defendants to infringe the invention claimed in the '072 Patent.

045.   On information and belief, at least one of Defendants has actively encouraged by its statement and conduct at least one other third-party to infringe the invention claimed in the '072 Patent.

046.   Defendants' acts of infringement of the '072 Patent have caused and will continue to cause Plaintiff damages for which Plaintiff is entitled to compensation pursuant to 35 U.S.C. § 284.

047.   Defendants' acts of infringement of the '072 Patent have caused and will continue to cause Plaintiff immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Plaintiff has no adequate remedy at law.

048.   This case is exceptional and, therefore, Plaintiff is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

049.   WHEREFORE, Plaintiff requests judgment against Defendants as follows:

    1.    Adjudging that Defendants have infringed and actively induced infringement of the '072 Patent, in violation of 35 U.S.C. § 271(a), (b), and (c);

    2.    Granting an injunction temporarily and preliminarily and permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert

and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the '072 Patent;

3. Ordering Defendants to account and pay damages adequate to compensate Plaintiff for Defendants' infringement of the '072 Patent, including for any infringing acts not presented at trial and pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

4. Ordering an accounting for any infringing sales not presented at trial and an award by the court of additional damages for any such infringing sales;

5. Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

6. Declaring this case exceptional and awarding Plaintiff its reasonable attorney fees pursuant to 35 U.S.C. § 285; and

7. Awarding such other and further relief as this Court deems just and proper.

DATED this 04 day of August 2026.

_____

Ben Williams

Attorney for Plaintiff Snyder